UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. R.-W., | ) |
|     *Plaintiff*, | ) |
| vs. | ) No. 1:13-cv-00369-JMS-DKL |
| CAROLYN W. COLVIN, | ) |
|     *Defendant*. | ) |

## ORDER GRANTING PETITION FOR ATTORNEY FEES

Plaintiff moves for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff was the prevailing party in this case, which was remanded to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), sentence four.

The Commissioner does not contest the hours worked by Plaintiff's counsel. Nor does she claim that her position was substantially justified. She does, however, challenge the hourly rate of $176 requested in the motion.

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such

1

as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

In *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), the Seventh Circuit found that the EAJA does not automatically entitle an attorney to an inflation adjustment and one is not presumed, even though the $125 cap rate was set in March 1996. "Inflation affects different markets, and different costs in the same market, in different ways," and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* at 563. The court did not establish any particular method or manner by which a lawyer might demonstrate that inflation has increased the cost of legal service.

Here plaintiff's counsel has provided evidence in the form of national statistics demonstrating inflation, and specific increases in costs of his legal practice as evidence to support the increased rate. He cites relevant authority allowing the Court to take judicial notice of the increase in legal fees over the years, and cites fee awards from other decisions in this district which exceed the request here. Lastly, he cites other decisions in this district where this showing has been found

sufficient to justify the increased hourly rate (s*ee, e.g.*, *Shipley v. Astrue,* No. 1:10-cv-1311-DML-TWP, 2012 U.S. Dist. LEXIS 71709, at *9-10 (S.D. Ind. May 23, 2012)), and where the Commissioner did not oppose an adjusted rate very similar to the one requested here, (s*ee, e.g., Livingston v. Colvin*, No. 1:11-cv-1615-TWP-TAB, 2013 U.S. Dist. LEXIS170086 (S.D. Ind. Dec. 3, 2013); *Cash v. Colvin*, No. 4:11-cv-105-TWP-WGH, 2013 U.S. Dist. LEXIS 142282 (S.D. Ind. Oct. 1, 2013); *Roddy v. Colvin*, No. 4:11-cv-23-TWP-WGH (S.D. Ind. June 3, 2013)).

This time the Commissioner does oppose the rate, challenging the sufficiency of the evidentiary showing under *Matthews-Sheets*, and relying on this Court's decision in *Hooker v. Colvin*, No. 1:13-CV-00718-JMS, 2013 WL 6095778, at *7-8 (S.D. Ind. Nov. 20, 2013). *Hooker* is inapposite here. There counsel engaged in an ineffective briefing strategy that disregarded the normal order of presentation, ignoring the movant's burden of presentation and proof. *See id.* at *1-2. A.R.-W.'s counsel has not employed such a defective strategy. Furthermore, unlike in *Hooker*, A.R.-W.'s counsel does not rely solely on the Consumer Price Index or on the experience of *other* attorneys. *See id.* at *2-3. As detailed above, he provides evidence that, in conjunction with the

increase in inflation, his costs of providing adequate legal services

increased as well.

The reasoning of Magistrate Judge Lynch's ruling in *Shipley*, applies with equal force here:

> [C]ounsel has done more than simplistically assert that a higher rate is appropriate because there has been inflation since 1996 when the $125 cap was set. First, he points to the *large* percentage change from 1996 to 201[3] (the year the subject legal services were performed) in the Consumer Price Index-All Urban Consumers, an index published by the United States Department of Labor's Bureau of Labor Statistics. . . . Change in the CPI-U over time is widely used as an appropriate measure of inflation and to "adjust payments for . . . obligations that may be affected by changes in the cost of living." *Id*. According to [A. R.-W.] (and not challenged by the Commissioner), the percentage change in the CPI-U from 1996 to 201[3] is [50]%.
>
> Second, counsel has shown that the normal hourly rate he charges and is paid by noncontingency fee clients doubled from 1996 to 2013, from $100 to $200 per hour. The Seventh Circuit, in a wide variety of contexts in which reasonable attorneys' fees are awardable under fee-shifting statutes, has explained that the normal billing rate an attorney uses and is actually paid in the market presumptively is a reasonable *rate. See Mathur v. Board of Trustees of Southern Illinois Univ*., 317 F.3d 738, 743-44 (7th Cir. 2003); *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996). The fact that counsel's presumptively reasonable rate is now markedly higher than $125, when his rate approximated the cap rate in 1996, suggests that increases in the cost of living are manifested in the cost of his legal services. Third, counsel has pointed to certain costs incurred in his law practice as evidence that his costs to provide legal services have in fact greatly increased since 1996. For example, the hourly rate he pays his legal assistant has more than doubled in the last 11 years, from $10 to $22.
>
> The fact that clients actually pay [A. R.-W.'s] counsel at a $200 hourly rate, combined with the other data, convinces the
4

court in this case that counsel has presented sufficient evidence to justify a fee higher than $125 because of an increase in the cost of living since 1996. Other courts within the Seventh Circuit also have found a fee higher than $125 appropriate under the EAJA's cost of living justification when, among other things, counsel's normal hourly rate substantially exceeds the $125 cap. *See, e.g., Scott v. Astrue,* 2012 WL 527523 at *6 (N.D. Ill. Feb. 16, 2012).

*Shipley v. Astrue*, 2012 U.S. Dist. LEXIS 71709 at *9-11 (S.D. Ind. May 23, 2012). Plaintiff's counsel has justified his requested hourly rate.

## Conclusion

The Court finds Plaintiff is entitled to attorney fees, and that the amount requested is reasonable. Accordingly, Plaintiff's Petition for Attorney Fees is **GRANTED** and Plaintiff is **AWARDED** $6,768.75. The assignment to counsel should be honored unless the fee award is subject to offset for amounts owed to the United States government. *See Astrue v. Ratliff,* 130 U.S. 2521 (2010).

02/10/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to:**

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

5